IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MonQuez J. Young,  )<br>  )<br>   Petitioner,  )<br>  )<br>v.  )<br>  )<br>Warden of Livesay Correctional  )<br>Institution,  )<br>  )<br>   Respondent.  )<br>_____ ) | Civil Action No. 1:23-cv-3505-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff MonQuez J. Young's (" Petitioner" or "Young") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 18, 2023, Respondent filed a motion for summary judgment (ECF No. 26), and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

  On December 19, 2023, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedures and the possible consequences if he failed to respond to the motion.  (ECF No. 27.) Despite the Magistrate Judge's warnings, Petitioner failed to respond to the motion.

  Therefore, on January 22, 2024, the Magistrate Judge issued an order instructing Petitioner to advise the Court by February 6, 2024, whether he wished to continue with his case.  (ECF No. 29.)  The Magistrate Judge also advised Petitioner that if he failed to respond, the Magistrate Judge would recommend dismissal of this case for failure to prosecute.  Petitioner again did not respond.

  Accordingly, on February 9, 2024, the Magistrate Judge issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 31) and dismisses this action for failure to prosecute.** *See Davis v. Williams*, 588 F.2d 69,

70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2024
Charleston, South Carolina